**SO ORDERED.**

**SIGNED this 27 day of August, 2007.**



_____
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion not designated for on-line or print publication

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:**<br>**LELAND E. THOMAS,**<br><br>          **DEBTOR.** | **CASE NO. 06-21363**<br>**CHAPTER 13** |
| **In re:**<br>**JANIECE MARIE WHITELIGHTNING,**<br><br>          **DEBTOR.** | **CASE NO. 06-21856**<br>**CHAPTER 13** |
| **In re:**<br>**BRADLEY SHAWN BARGER and**<br>**VIRGINIA LEE BARGER,**<br><br>          **DEBTORS.** | **CASE NO. 06-22148**<br>**CHAPTER 13** |
| **In re:**<br>**CHRISTOPHER ALLEN RITCH and**<br>**MARY DARLENE RITCH,**<br><br>          **DEBTORS.** | **CASE NO. 06-22174**<br>**CHAPTER 13** |

| | |
|---|---|
| **In re:**<br>**CAROL RENAE BROWN,**<br>　　　　　　　　**DEBTOR.** | **CASE NO. 06-22003**<br>**CHAPTER 13** |
| **In re:**<br>**MARK ANTHONY MILTON,**<br>　　　　　　　　**DEBTOR.** | **CASE NO. 06-22004**<br>**CHAPTER 13** |
| **In re:**<br>**JOSE BLAS PAGAN, JR. and**<br>**JENNIFER ELLEN LESTER-PAGAN,**<br>　　　　　　　　**DEBTORS.** | **CASE NO. 07-20008**<br>**CHAPTER 13** |
| **In re:**<br>**ROBERT LEE WARD and**<br>**REGINA LYNN WARD,**<br>　　　　　　　　**DEBTORS.** | **CASE NO. 07-20083**<br>**CHAPTER 13** |
| **In re:**<br>**FELIPA SOTO**<br>　　　　　　　　**DEBTOR.** | **CASE NO. 07-20202**<br>**CHAPTER 13** |
| **In re:**<br>**JEREMY P. CAUTHON and**<br>**ROMONA A. CAUTHON,**<br>　　　　　　　　**DEBTORS.** | **CASE NO. 07-20913**<br>**CHAPTER 13** |

**MEMORANDUM OPINION AND ORDER SUSTAINING OBJECTIONS TO CHAPTER 13 PLANS THAT PAY NO INTEREST TO 910-CREDITORS**

The matter under advisement in each of the above captioned cases is an objection to confirmation of a proposed Chapter 13 plan filed by the holder of a claim secured by a vehicle and governed by the hanging paragraph following 11 U.S.C. § 1325(a)(9),[1] enacted by the

---

[1] The hanging paragraph provides in relevant part:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security

2

BAPCPA.[2] In each case, the parties agree that the proposed plan provides for the debtor to retain possession of a motor vehicle purchased within 910 days before filing for relief for the personal use of the debtor which is subject to a purchase money lien. In each case, the Chapter 13 plan proposed by the debtor provides for payment of the full amount owed the 910-creditor as of the date of the filing of the petition in periodic payments over the term of the plan without interest. The respective creditors have objected to the plans, contending they are entitled to interest.[3]

The question of whether a 910-creditor is entitled to interest has generated much litigation that has not been uniformly resolved.[4] In this district, the Bankruptcy Judges differ.[5]

---

> interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in Section 30102 of title 49) acquired for the personal use of the debtor... .

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Confirmation of a plan is a core proceedings which ths Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(L). There is no objection to venue or jurisdiction over the parties.

[3] In *In re Ward*, Case no. 07-20083, the objecting creditor also objected to confirmation on the basis that the plan does not provide it "with adequate protection over the life of the plan." The Court does not address that contention, that was not briefed by the parties, in this opinion. Creditor may renew that objection as to any amended plan filed in response to this opinion.

[4] *See* cases collected in Robin Miller, Annotation, *Effect of "Hanging" or "Anti-Cramdown" Paragraph Added to 11 U.S.C.A. § 1325(a) by Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA)*, 19 A.L.R. Fed. 2d 157 (2007).

[5] *Compare In re Vega*, 344 B.R. 616 (Bankr. D. Kan. 2006)( Karlin, J.) (holding that § 1325(a)(5)(B) requires that interest at the *Till* rate must be paid to holders of 910-claims) *with In re Wampler,* 345 B.R. 730 (Bankr. D. Kan. 2006) *and In re Kinsey*, __B .R.__, 2007 WL 1366385 (Bankr. D. Kan. 2007)(Berger, J.) (holding that the hanging paragraph, by making the definition of allowed secured claim in § 506(a) inapplicable, precludes the application of all of § 1325(a), thereby removing the basis for an award of interest).

3

When this issue was first under advisement, because of this divergence and because the issue was being appealed, this Court deferred ruling and stated:

> Numerous cases throughout the country have thoroughly addressed this issue that concerns the interpretation of the hanging paragraph of 11 U.S.C. § 1325 added by the BAPCPA. A review of the many opinions available makes it doubtful that this Court could contribute significantly to the debate. Although a majority position appears to be emerging, there is no controlling authority. In this district, the view that interest is not required has been approved by Judge Berger, initially in *In re Wampler*, Case no. 05-27659, but found contrary to the Code by Judge Karlin, initially in *In re Lowder*, Case no. 05-44802. Appeals of cases from this district approving plans without payment of interest are pending before the Bankruptcy Appellate Panel for the Tenth Circuit, *In re Wilson*, Bankr. Case No. 06-20075 (BAP Case No. KS-06-126), and the United States District Court for the District of Kansas, *In re Burgess*, Bankr. Case No. 06-21474 (D. Kan. Case No. 6-CV-2528), *In re Wallace*, Bankr. Case No. 06-21119 (D. Kan. Case No. 06-CV-2530); and *In re Parker*, Bankr. Case No. 06-21457 (D. Kan. Case No. 06-CV-2531).
>
> In light of the pending appeals, which this Court anticipates will be resolved before the end of the year, the Court has decided to leave under advisement the objection to confirmation based upon the interest issue pending resolution of the dispute within the district. In the mean time, assuming the circumstances are otherwise appropriate, the Court will look favorably upon a request for an order that the Trustee commence making distributions as if the plan had been confirmed. [6]

The Court has determined that it is now appropriate to decide the cases under advisement. Both the Tenth Circuit Bankruptcy Appellate Panel, in *In re Wilson*, [7] and the

---

[6] *In re Thomas*, Case no. 06-21363 (Bankr. D. Kan. May 8, 2007); *In re Whitelightning*, Case no. 06-21856 (Bankr. D. Kan. May 8, 2007).

[7] *DaimlerChrysler Fin. Serv. N. Amer., LLC v. Griffin (In re Wilson)*, __ B.R. __ (10th Cir. BAP Aug. 24, 2007) (rejecting Judge Burger's reasoning in *Wampler* that held a holder of a 910-claim is not entitled to interest under § 1325(a)(5)(B)(ii)).

4

Kansas District Court, in *Citifinancial Auto*,[8] have held that when a debtor elects to retain collateral securing a 910-claim, the creditor's claim should be treated as a secured claim for the full amount of the loan balance as of the date of the petition and that § 1325(a)(5)(B)(ii) requires the debtor to pay interest at the *Till*[9] rate on the allowed secured claim over the life of the plan. Although there are five 910-interest cases from Kansas on direct appeal to the Tenth Circuit Court of Appeals,[10] the Court declines to withhold its decisions until the more authoritative decision[11] of the circuit is announced. The construction of the hanging paragraph that interest is required is emerging as the overwhelming position of the courts, making reversal of the construction of the hanging paragraph adopted by the BAP and the District Court unlikely. Further, given the docket of the Tenth Circuit, the issuance of an opinion within the year is unlikely. As to the cases under advisement, distributions have commenced as if the plans had been confirmed, which means that interest is not being paid. If this condition continues and if, as this Court anticipates, it is ultimately held by the Tenth Circuit that interest is required, Debtors will have a difficult time making the accrued payments. For these reasons, the Court find that delay in ruling is no longer appropriate.

---

[8] *Citifinancial Auto v. Hernandez-Simpson*, __ B.R. __, 2007 WL 1464258 (D. Kan. 2007) (Robinson, J.) (reversing Judge Berger's no interest decisions in *Burgess*, *Wallace*, and *Parker*).

[9] *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

[10] Cases appealed are *In re Jones*, Case no. 06-22074; *In re Walters*, Case no. 06-21113; *In re Kinsey*, Case no. 06-20921; *In re Thompson*, Case no. 06-21083; and *In re Prince*, Case no. 06-20679. The cases have been consolidated before the Tenth Circuit Court of Appeals as case number 07-603.

[11] There is considerable disagreement among the courts as to whether the decision of a district court or a bankruptcy appellate panel is binding upon bankruptcy courts within the district. 6 Norton *Bankruptcy Law and Practice 2d* § 148:17 (Norton, auth & ed.-in- chief 2007).

As to the merits of the question, the Court adopts the reasoning of *In re Wilson*[12] and holds that for purposes of a Chapter 13 plan, the allowed claim of a creditor holding an obligation secured by a purchase money lien in a vehicle purchased within 910 days before filing of the petition for the personal use of the debtor is an allowed secured claim in the amount of the loan balance on the date of filing the petition and § 1325(a)(5)(B)(ii) requires that interest be paid at the *Till* rate. This Court agrees that the non-applicability of § 506 to 910-claims prohibits bifurcation or cram down of the secured claim but does not preclude classification of the claim as an allowed secured claim for purposes of § 1325(a)(5)(B).

Although the legislative history of the hanging paragraph is sparse,[13] this Court believes that Congress, by prohibiting cram down of purchase money claims within its definition, had the purpose of protecting secured creditor's state law rights if the borrower filed for relief under the Code. The Court's resolution of these cases furthers that purpose to the extent permitted given the BAPCPA amendments the controlling precedent of the Supreme Court's *Till* opinion.

The foregoing constitute Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be

---

[12] __ B.R. __ (10th Cir. BAP Aug. 24, 2007).

[13] The section which enacted the hanging paragraph is captioned "Restoring the Foundation for Secured credit." *In re Wright*, __ F.3d at __ , 2007 WL 1892502 at*3 (*citing* Pub. L. 109-8, 119 Stat. 23, 80 (Apr. 20, 2005)). H.R. Rep. No. 109-31(1),pt.1, at 17 (2005), as reprinted in E-2 *Collier Bankruptcy* App. Pt. 10(b)-268, states in part:"Protections of Secured Creditors. S. 256's protections for secured creditors include a prohibition against bifurcating a secured debt incurred within the 910-day period preceding the filing of a bankruptcy case if the debt is secured by a purchase money security interest in a motor vehicle acquired for the debtor's personal use."

Case 07-20008   Doc# 22   Filed 08/27/07   Page 6 of 7

entered on separate documents as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###